# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,    Plaintiff,    v.  MATTHEW L. CATE, et al.,    Defendants. | CASE NO. 1:09-cv-02220-OWW-SMS PC  ORDER DENYING MOTION FOR RECONSIDERATION  (Doc. 13) |

Plaintiff Barry Louis Lamon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 22, 2009. On October 14, 2010, Plaintiff objected to the Magistrate Judge's order denying his motion for the appointment counsel. The Court construes the objection to be a motion for reconsideration.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970. In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Id. (citation and quotation marks omitted). Neither consideration is dispositive and they must be viewed together. Id. Simply, there is nothing exceptional about this case to justify the appointment of counsel.

Plaintiff's disagreement with the Court's order is not sufficient to support his motion for reconsideration. At this early stage in the litigation, the Court is unable to make a determination that Plaintiff is likely to prevail on the merits and the record demonstrates that Plaintiff is able to articulate his First and Eighth Amendment claims pro se.

Accordingly, Plaintiff's motion for reconsideration is ORDERED DENIED.


IT IS SO ORDERED.

**Dated:   November 24, 2010**            /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE

2